**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MARK E. SCHMIDTER and JULIAN P. HEICKLEN,

        Plaintiffs,

v.                                         Case No. 6:12-cv-1102-Orl-37KRS

BELVIN PERRY, JR.,

        Defendant.

**ORDER**

This cause is before the Court on Plaintiff Heicklen's May 2, 2013 Motion (Doc. 52), filed May 2, 2013. Plaintiff Heicklen moves the Court to: (1) deny Defendant's motion to file an amended answer; (2) "ignore" decisions by state court judges who Plaintiff alleges "are guilty of perjury"; (3) remove defense counsel; and (4) recuse the undersigned. (Doc. 52, pp. 16–17.) The Court hereby denies in part and denies as moot in part the motion.

First, the Court already granted Defendant's motion to file an amended answer. (Doc. 50.) Therefore, Plaintiff Heicklen's request for the Court to deny the motion is hereby denied as moot.

Second, Plaintiff Heicklen's request for the Court to "ignore" state court decisions is not well-taken. While Plaintiff Heicklen frames this argument in terms of perjury, the substance of his discontent is that he disagrees with the state court's interpretation of the Constitution. Because Plaintiff Heicklen has cited no law in support of the proposition that a state court commits perjury when it hands down an allegedly erroneous decision nor any basis for this Court to simply disregard state court

decisions, Plaintiff's request to "ignore" the state court decisions is hereby denied.

Third, Plaintiff Heicklen points to no basis upon which defense counsel should or can be removed. As such, Plaintiff Heicklen's request for removal of defense counsel is hereby denied.

Finally, 28 U.S.C. § 455 provides that a judge "shall disqualify himself in a proceeding in which his impartiality might be reasonably questioned" or where he has personal bias concerning a party. The undersigned does not have personal bias concerning any party. Moreover, the Court finds that an objective, disinterested observer would not entertain significant doubt about the undersigned's impartiality. *See United States v. Chandler*, 996 F.2d 1073, 1104 (11th Cir. 1993). Plaintiff Heicklen argues that the undersigned should recuse himself because the Court granted Defendant's motion for leave to file an amended answer (Doc. 49) before Plaintiffs responded, which Plaintiff alleges demonstrates bias in favor of Defendant. (Doc. 52, p. 16.) The Court finds that this ruling would not convince a reasonable person to doubt the undersigned's impartiality. Disagreement with the Court's ruling is not a sufficient basis for recusal. *See United States v. Spuza,* 194 F. App'x 671, 677 (11th Cir. 2006); *Johnson v. Monaco*, 350 F. App'x 324, 327 (11th Cir. 2009). As such, the Court denies Plaintiff's Heicklen's request for recusal.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff Heicklen's May 2, 2013 Motion (Doc. 52) is **DENIED IN PART** and **DENIED AS MOOT IN PART**.

2. The Court denies the requests to ignore state court decisions, to remove defense counsel, and to recuse the undersigned. The Court denies as moot the request for denial of Defendant's motion to file an amended

answer.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 15, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

*Pro Se* Party

Counsel of Record